UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

LOUIS LAINO,

                                      Plaintiff,

     -against-

CITY OF NEW YORK, FRANCESCO MONASTRA,
Individually, ABDELRAHMAN MOUSTAFA,
Individually, and JOHN AND JANE DOE 1 through
10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Index No.

<u>Jury Trial Demanded</u>

Plaintiff LOUIS LAINO, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff LOUIS LAINO is a thirty-nine-year-old man who resides in Bronx, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, FRANCESCO MONASTRA, ABDELRAHMAN MOUSTAFA, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. This action arises from defendant NYPD officers, *inter alia*, engaging in a course of unconstitutional seizures of plaintiff LOUIS LAINO in the vicinity of his home located at 245 East Gun Hill Road in Bronx County.

**Incident One:**

13. The first incident occurred October 29, 2023, at approximately 1:40 a.m.

14. Plaintiff was on his way home and had stopped in his vehicle near his home when defendant officers pulled up. Defendants JOHN DOE 1 and JOHN DOE 2 began questioning plaintiff.

15. Plaintiff responded by asking, in sum and substance, if he was being detained.

16. Defendant JOHN DOE 1 told plaintiff he was not being detained, so plaintiff rolled up his car window.

17. In response, defendant JOHN DOE 1 began banging on plaintiff's window and ordered him out of his vehicle.

18. Plaintiff exited his vehicle and was placed in over tight handcuffs.

19. When plaintiff protested, defendant JOHN DOE 2 further tightened the handcuffs, causing plaintiff to suffer needless and otherwise unreasonable pain and discomfort.

20. After approximately fifteen or more minutes, plaintiff's handcuffs were removed and he was released without being charged with any offenses.

21. As a result of the intentional and unreasonably tight handcuffing, plaintiff sustained injuries to his wrists and pain which lasted for approximately one moth, as well as ongoing numbness and tingling in his right thumb.

**Incident Two:**

22. On December 22, 2023, at approximately 8:20 p.m., plaintiff was again present in his vehicle near 245 East Gun Hill Road when he was again approached by defendant NYPD officers including, without limitation, defendants FRANCESCO MONASTRA and ABDELRAHMAN MOUSTAFA.

23. After questioning plaintiff, the defendant officers ordered plaintiff out of his vehicle notwithstanding that the conversation had confirmed that there was no basis to suspect plaintiff of a crime.

24. Defendant MOUSTAFA pat searched plaintiff's person while defendant MONASTRA searched plaintiff's vehicle without probable cause, reasonable suspicion, permission, or authority.

25. After unreasonably searching plaintiff and his vehicle and detaining plaintiff without probable cause for an extended period of time, defendants released plaintiff with Ticket No. 4457912018, falsely sworn to by defendant MOUSTAFA, which compelled plaintiff's appearance in Bronx County Criminal Court.

26. Defendants knowingly transmitted false information to the Bronx County District Attorney's office and/or the Bronx County Criminal Court, falsely claiming that plaintiff had committed criminal offenses.

27. Plaintiff appeared as required on January 10, 2024, on which date all the false charged lodged against him were adjourned in contemplation of dismissal and have subsequently been dismissed and sealed.

28. Defendants MONASTRA, MOUSTAFA, and JOHN or JANE DOE 1 through 10 either directly participated in, supervised and approved of, oversaw, and otherwise presided over

the defendants' unlawful detentions, searches, and/or unreasonable handcuffing of plaintiff, and/or failed to intervene in the illegal conduct described herein.

29. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees.

30. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the reasonable suspicion and probable cause determination required to detain, search, and handcuff individuals.

31. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate plaintiff's civil rights.

32. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiff LOUIS LAINO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and

5

Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. As a result of the foregoing, plaintiff LOUIS LAINO sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Detention under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants unlawfully handcuffed and/or detained plaintiff LOUIS LAINO without probable cause, causing his liberty to be restricted against his will on October 29 and December 22, 2023, and causing him to be subjected to physical restraints on October 29, 2023.

6

41. Defendants caused plaintiff LOUIS LAINO to be falsely arrested and unlawfully detained.

42. As a result of the foregoing, plaintiff LOUIS LAINO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 against Individual Defendants

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. The level of force employed by defendants in the handcuffing of plaintiff on October 29, 2023 was excessive, objectively unreasonable and otherwise in violation of plaintiff LOUIS LAINO'S constitutional rights.

45. As a result of the aforementioned conduct of defendants, plaintiff LOUIS LAINO was subjected to excessive force and sustained physical injuries and emotional distress.

46. As a result of the foregoing, plaintiff LOUIS LAINO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants unreasonably searched plaintiff LOUIS LAINO'S person on October

29 and December 22, 2023, and his vehicle on December 22, 2023.

49.     Defendants caused LOUIS LAINO to be unreasonably searched thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

50.     As a result of the foregoing, plaintiff LOUIS LAINO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     On December 22, 2023, defendants created false evidence against plaintiff LOUIS LAINO.

53.     Defendants utilized this false evidence against plaintiff LOUIS LAINO in legal proceedings.

54.     As a result of defendants' creation and use of false evidence, plaintiff LOUIS LAINO suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

55.     As a result of the foregoing, plaintiff LOUIS LAINO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants initiated, commenced and continued a malicious prosecution against plaintiff LOUIS LAINO on December 22, 2023.

58. Defendants caused plaintiff LOUIS LAINO to be prosecuted without any probable cause until the charges were adjourned in contemplation of dismissal on January 10, 2024 and subsequently dismissed and sealed.

59. As a result of the foregoing, plaintiff LOUIS LAINO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants had an affirmative duty to intervene on behalf of plaintiff LOUIS LAINO, whose constitutional rights were being violated in their presence by other officers.

62. The defendants failed to intervene to prevent the unlawful conduct described herein.

63. As a result of the foregoing, plaintiff LOUIS LAINO'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

64. As a result of the foregoing, plaintiff LOUIS LAINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

67. As a result of the foregoing, plaintiff LOUIS LAINO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

70. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, improperly stopping,

questioning, detaining and handcuffing citizens without reasonable suspicion or just cause, and of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff LOUIS LAINO'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff LOUIS LAINO.

72. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff LOUIS LAINO as alleged herein.

73. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff LOUIS LAINO as alleged herein.

74. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff LOUIS LAINO was unlawfully arrested, subjected to excessive force, improperly searched, and improperly handcuffed.

75. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff LOUIS LAINO'S constitutional rights.

76. All of the foregoing acts by defendants deprived plaintiff LOUIS LAINO of

federally protected rights, including, but not limited to, the right:

      A.      To be free from unlawful detentions;

      C.      To be free from excessive force; and

      D.      To be free from unreasonable searches.

77. As a result of the foregoing, plaintiff LOUIS LAINO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

78. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Within ninety (90) days after plaintiff's malicious prosecution claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

80. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

81. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

82. Plaintiff has complied with all conditions precedent to maintaining the instant action.

83. This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(<u>Malicious Prosecution under the laws of the State of New York</u>)

84. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff LOIUS LAINO.

86. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

87. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

88. Defendants caused plaintiff LOUIS LAINO to be prosecuted without probable cause until the charges were dismissed

89. As a result of the foregoing, plaintiff LOUIS LAINO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(<u>Negligent Screening, Hiring, and Retention under the laws of the State of New York</u>)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated violating the rights of plaintiff LOUIS LAINO.

92. Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

93. As a result of the foregoing, plaintiff LOUIS LAINO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who participated in violating the rights of plaintiff LOUIS LAINO.

96. As a result of the foregoing, plaintiff LOUIS LAINO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(N.Y.C. Administrative Code §§ 8-801 through 8-807 Against All Defendants)

97. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. Plaintiff LOUIS LAINO'S rights to be free from over tight handcuffing, false arrest, unlawful detention and search, denial of his right to fair trial, and malicious prosecution

were violated by the conduct of the defendants which was in violation of New York City Administrative Code § 8-801 through 8-807.

99. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

100. Qualified immunity is no defense to this claim.

101. As a result of the foregoing, plaintiff LOUIS LAINO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff LOUIS LAINO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
April 9, 2025

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff LOUIS LAINO
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: *Brett Klein*
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

LOUIS LAINO,

                                                Plaintiff,

    -against-

CITY OF NEW YORK, FRANCESCO MONASTRA,
Individually, ABDELRAHMAN MOUSTAFA,
Individually, and JOHN AND JANE DOE 1 through
10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                             Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132